# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONAN J. KYLES,**

    Plaintiff,

  v.                                                       Case No. 19-CV-1429

**MS. SMITH,**
**MS. SOLEBURG,**
**MS. DERUS,**
**LIZZY TEAGLES, AND**
**MS. BUESGEN,**

    Defendants.

## SCREENING ORDER

Plaintiff Ronan J. Kyles, an inmate confined at the Jackson Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Kyles's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Kyles's motion to proceed without prepaying the filing fee and to screen the complaint in light of Kyles's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Kyles was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 29, 2019, the court ordered Kyles to pay an initial partial filing fee of $3.73. (ECF No. 7.) Kyles paid that fee on November 18, 2019. The court will grant Kyles's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Kyles's Allegations*

Kyles alleges that on August 24, 2019, he had a verbal misunderstanding about visitation rights with defendant Ms. Smith, who is a social worker. Kyles was told that it takes three weeks to a month for a visit to be approved and that his visitation request had been pending for ten days. After the misunderstanding, Ms. Smith sent

3

Kyles's visitation forms to defendant Ms. Soleburg, who is also a social worker. Ms. Smith allegedly told Ms. Soleburg about the misunderstanding, and both defendants "unprofessionally plot[ted] to get back at Plaintiff Kyles by having his visits denied." (ECF No. 1 at 2.)

On September 2, 2019, Kyles transferred to a different unit. One week later, he asked Ms. Soleburg about his pending visits and she said that she was not going to do anything about Kyles's visits because of the altercation he had with Ms. Smith.

Kyles explained the situation to defendant Ms. Derus, who is a unit manager, who told him that he would receive a conduct report/ticket and that she would "deny [Kyles's] visits anyway." (*Id.*) Kyles explained to Ms. Derus that she and the other defendants were holding a personal vendetta against him and that they cannot deny him visits because he is not a security risk under prison visitation policy.

Kyles also explained to defendants Deputy Warden Buesgen and Warden Ms. Lizzy Teagles that he retains his constitutional rights, to the extent that they do not conflict with his status as a prisoner.

For relief, Kyles seeks $100,000 from each defendant for emotional and unnecessary stress. He also wants the defendants to be fired/terminated without pay.

2.3  *Analysis*

Generally, prisoners have no independent constitutional right to visitation or to particular forms of visitation, including contact visitation, and prison officials have considerable discretion in determining the time, place, duration and conditions of visitation. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) ("Respondents do

not argue—nor can it seriously be contended, in light of our prior cases—that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause [of the Fourteenth Amendment]."). However, prisoners do retain some right of intimate association while incarcerated, although that "freedom of association is among the rights least compatible with incarceration" and "[s]ome curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). "[P]rison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members in disregard of the factors" that balance "the inmate's interests against legitimate penological objectives." *Easterling v. Thurmer*, 880 F.3d 319, 323 and n.6 (7th Cir. 2018).

Kyles's allegations that Ms. Smith, Ms. Soleburg and Ms. Derus unreasonably denied his requests for visitation with his family and children implicate his constitutional rights under the First and Fourteenth Amendments. However, Kyles cannot proceed against Deputy Warden Buesgen and Warden Teagles because he does not allege that they had any personal involvement in the decision to deny his visitation requests. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009) (section 1983 liability limited to individuals who are personally responsible for a constitutional violation).

**3. Kyles's Request to Add Parties**

Kyles has filed a letter requesting to add two defendants to this case. (ECF No. 8.) He states that the two individuals – Ms. Rollins and Ms. Smetana – agreed with

5

the other defendants to unreasonably restrict his visitation. Kyles has not filed a proposed amended complaint.

Kyles is advised that he must file an amended complaint if wants to proceed against new defendants. *See* Civil L.R. 15(a) (E.D. Wis.). The court is enclosing a copy of its complaint form and instructions. Kyles must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

If Kyles files an amended complaint, the court will screen it under 28 U.S.C. § 1915A.

## 4. Conclusion

**THEREFORE, IT IS ORDERED** that Kyles's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Teagles and Buesgen are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Ms. Smith, Ms. Soleburg, and Ms. Derus. It is **ORDERED** that, under the informal

service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Kyles shall collect from his institution trust account the $346.27 balance of the filing fee by collecting monthly payments from Kyles's prison trust account in an amount equal to 20% of the preceding month's income credited to Kyles's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Kyles is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Kyles is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and for filing dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Kyles is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Kyles a prisoner complaint form along with this order.

Dated at Milwaukee, Wisconsin this 11th day of December, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge